UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-328 F

| | | |
|---|---|---|
| CAPSTONE ELDER PLANNING GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | O R D E R |
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on various motions by the parties, including Defendant's Motion to Strike Jury Demand [DE-22] and Plaintiff's Motion to Remand [DE-24], as well as two additional corrected Motions to Remand by Plaintiff, [DE-27] and [DE-30]. Responses by both parties have been filed and these matters are ripe for disposition.

## PROCEDURAL HISTORY

This action arises out of a complaint filed by Steven England in Wake County Superior Court, in Raleigh, North Carolina, against Midland National Life Insurance Company ("Midland"). By Amended Complaint filed July 30, 2007, Plaintiff amended all pleadings to replace his individual name with "Capstone Elder Planning Group, Inc." [DE-1] Ex. 2 ("Capstone").

On August 24, 2007, Midland filed its Notice of Removal [DE-1] in this court and attached thereto Plaintiff's complaint, the contract at issue, as well as other exhibits. In its complaint, first filed in the Superior Court of Wake County, North Carolina, Civil Division on

July 27, 2007, Plaintiff asserted a demand for a jury trial, as well as a preliminary and permanent injunction, and claims for conversion, unjust enrichment, breach of contract, intended third party beneficiary, unfair and deceptive trade practices, violation of public policy, and negligent misrepresentation. [DE-1] Ex. 2. Following Defendant's Notice of Removal, on August 28, 2007, Plaintiff filed a Motion for Preliminary Junction [DE-10] which this court denied as moot on September 5, 2008 [DE-19]. Thereafter, on September 20, 2007, Defendant Midland filed its Answer and Counterclaim [DE-21], as well its Motion to Strike [DE-22] Plaintiff's request for Jury Trial.

On September 24, 2007, Plaintiff filed three versions of its Motion to Remand and Responses and Memoranda in Support thereof. [DE-24-31]. On October 5, 2007, Plaintiff filed its Response to Defendant's Counterclaim [DE-34]. On October 10, 2007, Plaintiff filed its Memorandum in Opposition of Defendant's Motion to Strike its Jury Demand [DE-36]. On October 15, 2007, Midland filed its Response in Opposition [DE-38] to Plaintiff's Motion to Remand. On October 23, 2007, Defendant filed its Reply [DE-39] to Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike Jury Demand [DE-22]. On October 25, 2007, Plaintiff filed both its Response [DE-40] to Defendant's Opposition to Plaintiff's Second Corrected Motion to Remand as well as its Memorandum in Opposition [DE-41] to Defendant's Motion to Strike Plaintiff's Jury Demand.

Plaintiff's only contention for remand in this case is its argument that the matter in controversy does not exceed $75,000, and, thus, because this is a case removed under diversity jurisdiction, this court lacks subject matter jurisdiction. Conversely, Defendant argues that the value of the object of the controversy does, in fact, meet the amount in controversy threshold for

diversity cases, and avers that this case should go forward in its current form without remand because removal was both timely and proper.

## FACTUAL BACKGROUND

This case arises out of a dispute between an independent insurance agent, Steven England, doing business and bringing this suit under the name of his North Carolina corporation Capstone Elder Planning Group, Inc. ("Capstone") and Defendant Midland National Life Insurance Company ("Midland"), an Iowa corporation with its principal office of business in Sioux Falls, South Dakota. [DE-1] Ex.2, Compl. ¶ 3, Am. Compl. (unnumbered).

From the facts as alleged by verified complaint, England sold certain insurance products for Midland and received commission for his sales. In order to sell Midland's products, on December 11, 2002, England signed a Contract Application and on December 16, 2002, entered into an Agent Contract with Midland, attached to Defendant's Notice of Removal [DE-1] as Exhibit 2. The Agent Contract provides, among other terms, the conditions of commissions paid to the insurance agents. Specifically, the Agent Contract states, "Should the Company, in its sole discretion deem it appropriate at any time to cancel a policy and refund any premium on which you or any agents and subagents were paid any commission, then such commission shall be charged back." [DE-1] Ex. 2 (Agent Contract, ¶ 9).

Capstone alleges in its complaint that England sold four policies between June 9, 2003, and February 24, 2004, and received a commission[1] for each. Compl. ¶ 9. On January 29, 2007,

---

[1] Capstone employed subagents to sell Midland's policies. Indeed, it appears from the Exhibits attached to Plaintiff's verified complaint that those policies which have been cancelled were sold by subagents Kenneth White and James Jackson. [DE-1] Ex. 3. It appears that Plaintiff paid commissions to these subagents as he was paid commissions by Midland. As those subagents are not parties to this action, this court declines to consider any and all commissions or

Midland cancelled those policies and charged back commissions by deducting them from Plaintiff's current commissions in the amount of $15,686.80. *Id.* at ¶ 10. Defendant Midland has counterclaimed [DE-21] for an additional $29,804.87 in commissions for cancelled policies but has not yet received the second amount from Plaintiff. [DE-21] Answer and Countercl. at ¶ 5.

## ANALYSIS

Section 1441 of Title 28 of the United States Code allows a defendant to remove an action to federal court if the case originally could have been brought there. In this case, the basis for removal is diversity of citizenship. Section 1332 limits diversity jurisdiction to cases in which the action is between citizens of different states and the amount in controversy exceeds $75,000. The parties agree that the action is between citizens of different states. The sole matter in contention regarding remand of this case is whether the amount in controversy meets the statutory requirement.

Defendant argues that all sums mentioned in Plaintiff's complaint should be added together, as well as treble damages and attorneys fees stemming from Plaintiff's claim for Unfair and Deceptive Trade Practices ("UDTPA") under Chapter 75 of the North Carolina General Statutes. Defendant contends that all of these figures, taken in the aggregate, equal more than enough to meet the amount in controversy requirement. Plaintiff, and this court, disagree.

Plaintiff has made a claim for the $15,686.80 in charged back commissions that Defendant has taken from him by counting that sum against current commissions. Even if this amount were trebled according to North Carolina's UDTPA, it would not satisfy the amount in

---

amounts attributed to these subagents.

controversy without speculation of attorneys fees in upwards of $27,000.[2] This court is unwilling to make a guess as to whether that amount would be proper as to the fees in this case.

Defendant argues, also, that its counterclaim should be considered when calculating the amount in controversy in this case. In its Answer and Counterclaim [DE-21], Defendant makes a claim for $29,804.87. Although this counterclaim appears to be compulsory, in that it arises out of the same transaction or occurrence as the Plaintiff's claims, this court declines to base its removal decision on amounts other than those claimed by Plaintiff in the initial pleading upon which Defendant based its Notice of Removal. *See JOMA Systems, Inc. V. GKN Sinter Metals, Inc.* 2007 WL 2993810, * 3 (W.D.N.C. Oct. 11, 2007)(The court declined to consider the Defendant's counterclaims, compulsory or not, as they were not filed simultaneously with the Notice of Removal, and instead limited the amount in controversy inquiry to the face of the original complaint).

Therefore, by following the well-pleaded complaint rule, this court finds that the amount in controversy was not satisfied by the claims for damages made by Plaintiff in its complaint, even in the event those damages are trebled by UDTPA under North Carolina law. *See Saval v. BL Ltd.,* 710 F.2d 1027, 1033 (4th Cir. 1083) (Punitive damages, including treble damages, should be considered by a district court when calculating the amount in controversy); *see also North Carolina Unfair Business Practice § 9.03* (2008). Accordingly, because this court does not find the amount in controversy in this case to exceed $75,000, it is proper that this case be remanded to state court for further proceedings.

---

[2] $15,686.80 trebled equals $47,606.40. Hence, attorneys fees would need to equal more than $27,393.60 to meet the amount in controversy requirement.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Remand [DE-24] hereby is ALLOWED. Accordingly, this case is REMANDED to the Superior Court of Wake County, North Carolina, Civil Division. The Clerk of Court is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Wake County, North Carolina. All other pending motions filed in this court in this case are DISMISSED as MOOT.

SO ORDERED.

This the 2 day of January, 2009.

_____
JAMES C. FOX
Senior United States District Judge